BILL LOCKYER Attorney General DANIEL G. STONE Deputy Attorney General
THE DEPARTMENT OF HEALTH SERVICES has requested an opinion on the following question:
Does a state services credential with specialization in clinical or rehabilitative services issued by the California Commission on Teacher Credentialing qualify the holder as a "speech pathologist" under federal standards governing Medicaid reimbursement?
 CONCLUSION
A state services credential with specialization in clinical or rehabilitative services issued by the California Commission on Teacher Credentialing does not qualify the holder as a "speech pathologist" under federal standards governing Medicaid reimbursement.
 ANALYSIS
We are asked to determine whether certain eligibility requirements for federal Medicaid reimbursement pertaining to professional qualifications of speech and language therapists (42 C.F.R. § 440.110(c)(2) (2006); hereafter "Regulation 440.110") may be deemed satisfied if a person performing clinical or rehabilitative services in the state's school system has complied with the requirements imposed by the state for a state services credential with specialization in clinical or rehabilitative services (hereafter "state credential").[1] We conclude that the state requirements are not "equivalent" to the federal requirements.
Under Regulation 440.110, "speech pathologists" are defined in the following terms for purposes of qualifying their services for Medicaid reimbursement:
 "A `speech pathologist' is an individual who meets one of the following conditions:
 "(i) Has a certificate of clinical competence from the American Speech and Hearing Association.
 "(ii) Has completed the equivalent educational requirements and work experience necessary for the certificate.
 "(iii) Has completed the academic program and is acquiring supervised work experience to qualify for the certificate."
The issue to be resolved is whether the requirements for issuance of a state credential constitute "the equivalent educational requirements and work experience necessary" for issuance of "a certificate of clinical competence from the American Speech and Hearing Association" (hereafter "Association") as specified in Regulation 440.110.
Looking first at the language of Regulation 440.110, we apply well established rules of statutory construction, endeavoring to ascertain the intent of the law and to effectuate its purpose. (See Hunt v. Superior Court (1999) 21 Cal.4th 984, 1000;Industrial Indemnity Co. v. City and County of San Francisco
(1990) 218 Cal.App.3d 999, 1008) "`In determining intent, we look first to the words of the statute, giving the language its usual, ordinary meaning.'" (Curle v. Superior Court (2001)24 Cal.4th 1057, 1063.) We "`"should give meaning to every word of a statute if possible, and should avoid a construction making any word surplusage." [Citation.]' [Citation]." (Cooley v. SuperiorCourt (2002) 29 Cal.4th 228, 249.)
The key term in Regulation 440.110 requiring our consideration is "equivalent." How is this word to be defined when comparing the requirements for issuing a certificate by the Association and the requirements for issuing a state credential? "Equivalent" commonly means in this context "equal in force or amount . . . like in significance or import . . . equal in value . . . corresponding or virtually identical" (Webster's 3d New Internat. Dict. (2002) p. 769) and "[e]qual in value, force, amount, effect, or significance . . . [c]orresponding in effect or function; nearly equal; virtually identical" (Black's Law Dict. (8th ed. 2004) p. 581).
With these usual dictionary definitions in mind, we compare and contrast the requirements for an Association certificate with the requirements for a state credential. The standards for obtaining an Association certificate include the following, as specified in the Association's handbook:
 "Effective January 1, 2005, the applicant for certification must have a master's or doctoral or other recognized post-baccalaureate degree. A minimum of 75 semester credit hours must be completed in a course of study addressing the knowledge and skills pertinent to the field of speech-language pathology.
 ". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
 "All graduate course work and graduate clinical practicum required in the professional area for which the Certificate is sought must have been initiated and completed at an institution whose program was accredited by the Council on Academic Accreditation in Audiology and Speech-Language Pathology (CAA) of the American Speech-Language-Hearing Association in the area for which the Certificate is sought.
 ". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
 "The graduate degree must be granted by a regionally accredited institution of higher education.
 ". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
 "The applicant for certification must complete a program of study (a minimum of 75 semester credit hours overall, including at least 36 at the graduate level) that includes academic course work sufficient in depth and breadth to achieve the specified knowledge outcomes.
 ". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
 "The applicant for certification in speech-language pathology must complete a minimum of 400 clock hours of supervised clinical experience in the practice of speech-language pathology. Twenty-five hours must be spent in clinical observation, and 375 hours must be spent in direct client/patient contact.
 ". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
 "The applicant must pass the national examination adopted by ASHA for purposes of certification in speech-language pathology.
 ". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
 "After completion of academic course work and practicum (Standard IV), the applicant then must successfully complete a Speech-Language Pathology Clinical Fellowship (SLPCF).
 ". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
 "The Speech-Language Pathology Clinical Fellowship (SLPCF) will consist of the equivalent of 36 weeks of full-time clinical practice.
 ". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ." (www.asha.org/about/membership-certification/handbooks.)
In contrast with these Association certificate requirements, California's requirements for a state credential, which entitles its holder to provide speech-language pathology services "at all grade levels" in the public school setting, include those set forth in Education Code section 44268,[2] which states:
 "The minimum requirements for a services credential in a specialization in clinical or rehabilitative services are:
 "(a) A baccalaureate degree or higher degree from an institution approved by the commission.
 "(b) A fifth year, or its equivalent, of college or university education.
 "(c) Such specialized and professional preparation as the commission may require.
 "The services credential with a specialization in clinical or rehabilitative services shall authorize the holder to perform, at all grade levels, the service approved by the commission as designated on the credential. Clinical or rehabilitative services which may be designated by the commission include, but need not be limited to, speech, language, and hearing services."
Pursuant to subdivision (c) of section 44268, additional requirements for a state credential have been established by the California Commission on Teacher Credentialing (hereafter "Commission"), which is charged with establishing and implementing credential standards for all certificated personnel in the state's public school system, including teachers, administrators, and persons performing special school services such as nursing, counseling, and speech-language therapy (§ 44225). These additional requirements of "specialized and professional preparation" for a state credential are specified in the Commission's handbook and bulletins, and include the following:
 "Obtain a master's or higher degree from a regionally-accredited college or university. . . .
 "Pass the California Basic Educational Skills Test (CBEST). . . .
 "Complete a fifth year, or its equivalent, of college or university education
 "Complete a Commission-accredited specialized professional preparation program resulting in formal recommendation for the credential by the college or university through which the program was completed. . . ." (www.ctc.ca.gov/credentials.)
Are these requirements for an Association certificate and a state credential "equivalent" for purposes of Regulation 440.110? First, it is apparent that the two sets of requirements have much in common. Both require applicants to hold a master's degree, and both require that a qualifying master's program include not only extensive academic coverage, but also substantial hours in a "practicum" component — that is, a university affiliated clinical practice. In addition, both require that graduate degrees, to qualify, must have been granted by a regionally accredited institution of higher learning.
However, we find at least two distinctions between the programs to be significant. The first involves the respective academic requirements. For the Association certificate, the applicant must achieve "a passing score on the ASHA-approved national examination in speech-language pathology." (www.asha.org/about/membership-certification/handbooks.) This examination covers seven subject areas related to speech-hearing-language matters. State credential applicants, on the other hand, are required to pass a different test — the California Basic Educational Skills Test — that evaluates general basic teaching skills rather than aptitude in specialized areas such as speech-language pathology. (See §§ 44252, subd. (b), 44252.5; www.ctc.ca.gov/credentials; Summerfield v. WindsorUnified School District (2002) 95 Cal.App.4th 1026, 1032-1035.)
The second distinction is that the Association certificate requires additional clinical work experience after completion of all graduate course work and of the graduate "clinical practicum." This additional practical experience is in the form of a 36-week, full-time, mentored clinical fellowship. The state credential, in contrast, requires no comparable period of mentored work experience following completion of the graduate program.
There may be other differences as well, but we need look no further in light of our finding that the Commission currently issues its state credentials without requiring applicants to obtain a passing score on the Association-approved national examination (or on any corresponding comprehensive test of knowledge in this specialized field) or to complete a supervised clinical fellowship. Accordingly, the requirements for the Association certificate and for the state credential are not "equivalent" for purposes of Regulation 440.110.
We conclude that a state services credential with specialization in clinical or rehabilitative services issued by the Commission does not qualify the holder as a "speech pathologist" under federal standards governing Medicaid reimbursement.
[1] As we observed in 80 Ops.Cal.Atty.Gen. 6, 8 (1997), the term "Medicaid" describes a federal program for the funding of medical services for indigent persons:
 "Title XIX of the [federal Social Security Act] (Grants to States for Medical Assistance Programs) provides for a comprehensive federal-state program for medical care, commonly known as `medicaid' (Medi-Cal in California) under which federal grants are authorized to participating states for the benefit of medically indigent persons. (42 U.S.C. §§ 1396-1396v; see 64 Ops.Cal.Atty.Gen. 804 (1981).)"
[2] All references hereafter to the Education Code are by section number only.